# Attorney's Fees for Legal Service Performed Prior to Federal Employment

18 U.S.C. § 205 prohibits a Civil Division attorney from receiving attorney's fees for work in a case against the United States performed prior to federal employment when the right to payment depends on a finding of liability and award against the United States that takes place after the attorney's entry into federal employment.

February 11, 1999

MEMORANDUM OPINION FOR THE DIRECTOR
DEPARTMENTAL ETHICS OFFICE

You have requested our opinion whether an attorney in the Civil Division ("Civil attorney") may seek or accept attorney's fees for work in a case against the United States that she performed before becoming a federal employee.\* Although you have specifically asked whether 18 U.S.C. § 203 would raise a bar, we do not address that issue, because we have concluded that, whether or not § 203 applies, 18 U.S.C. § 205 prohibits the Civil attorney from receiving such fees.

I.

Your question arises from work that the Civil attorney performed in connection with an employment case that she handled in 1996 and 1997. *See* Memorandum for Randolph Moss, Acting Assistant Attorney General, Office of Legal Counsel, from Mary Braden, Director, Departmental Ethics Office, Justice Management Division, *Re: Request for Legal Opinion Regarding the Application of 18 U.S.C. Section 203 to Acceptance of Attorneys Fees for Work Performed Prior to Service as Department of Justice Employee* (Jan. 12, 1999) ("Braden Memo"). The work occurred before her service as an attorney with the Civil Division began in March 1998. *Id.* at 1.

In the case in question, the Civil attorney represented an employee of the Department of Commerce who challenged his separation from the Department pursuant to a reduction in force. *Id.* The Civil attorney's client lost his challenge to the separation before an administrative law judge and also on appeal to the Merit Systems Protection Board ("Board"). Following the unsuccessful appeal to the Board, the Civil attorney "provided no further representational services to her former client after January 1997." Braden Memo at 1. However, the client, himself an attorney, pursued a pro se appeal of the Board's decision to the United States Court of Appeals for the Federal Circuit. *See id.* The Federal Circuit

---

\* Editor's Note· For privacy reasons, material has been redacted from this opinion that might identify the Civil Division attorney.

reversed the Board's decision on the ground that it was not supported by substantial evidence.

As we understand the facts, the Civil attorney's retainer agreement with her client provided that he would "pay her a discounted hourly rate of $200, up to a maximum of $10,000 (50 hours)." *Id.* Under the agreement, the attorney's recovery of additional fees would be "contingent upon [the] client prevailing in the case and being awarded attorney's fees." *Id.* The retainer agreement covers only the proceedings before the Board. *Id.* As the Civil attorney has explained, "[t]he retainer agreement . . . expressly excluded the filing of any notice of appeal or of any appellate proceedings before any tribunal other than the [Board]." Memorandum for Randolph Moss, Acting Assistant Attorney General, Office of Legal Counsel, from Civil attorney, *Re: Request for an Ethics Opinion* at 2 n.1 (Oct. 30, 1998) ("Civil attorney's Memo"). In all, the attorney performed 365.34 hours of legal services to her former client and received compensation, under the retainer agreement, for 50 hours. Braden Memo at 1.

In light of the Federal Circuit's ruling, the Civil attorney advises that her client "is now entitled to petition the [Board] for an award of attorney's fees both to reimburse himself for the money he has already paid to me (i.e., the 'cap' amount) and to finally compensate me for the additional 315 hours I expended upon his behalf in 1996." Civil attorney's Memo at 4. The attorney states that the retainer agreement authorized her "to seek fees from the defendant pursuant to the fee shifting statute should the matter settle or should plaintiff prevail." *Id.* at 2. She notes that a retainer agreement of this type, which contains a fee "cap" with a right to recover an additional amount only if the client prevails, is typical in the field of employment law where the substantive statutes providing the basis for employment claims contain fee shifting provisions that allow plaintiffs to recover attorney's fees from the defendants. *Id.*

## II.

Based on previous opinions of the Office of Legal Counsel ("OLC"), your office has advised the Deputy Designated Agency Ethics Official in the Civil Division that 18 U.S.C. § 203 would forbid the Civil attorney from recovering the contingent portion of the fees that she is owed under the retainer agreement. Braden Memo at 2. Under § 203, any officer or employee of the executive branch who, "otherwise than as provided by law for the proper discharge of official duties, directly or indirectly . . . demands, seeks, receives, accepts, or agrees to receive or accept any compensation for any representational services, as agent or attorney or otherwise, rendered or to be rendered either personally or by another" during the employee's federal service is guilty of a crime. 18 U.S.C. § 203(a) (1994).

In providing your advice, you noted that it is " 'the longstanding view of the Office of Legal Counsel that § 203 prohibits an individual entering government employment from maintaining a contingent interest in fees recoverable in a proceeding involving the United States.' " Braden Memo at 2 (quoting Memorandum for Charles F.C. Ruff, Counsel to the President, from Dawn Johnsen, Acting Assistant Attorney General, Office of Legal Counsel, *Re: Proposed Nomination* at 2 (Jan. 28, 1998)). You advised that our office's interpretation "reflects the conclusion that a contingent fee covers the entire representation up to the payment, that the amount remains uncertain until then, and that the fees thus compensate, in part, for representational services performed after the employee began working for the United States." *Id.*

In the present case, you did not find "any basis to distinguish [the Civil attorney's] situation from previous ones in which OLC found that § 203 barred acceptance of compensation by federal employees for services they performed prior to their government service." *Id.* at 3. You explained that "it is undisputed that any recovery in addition to the $10,000 cap her client was obligated to pay was entirely contingent on the case being appealed, and of her client prevailing on appeal." *Id.* Because "[t]he final stages of the appeal and the court's decision took place after she was a federal employee," you concluded that OLC's prior interpretation of § 203 foreclosed her recovery of the outstanding, contingent portion. *Id.* As you explained, "based on OLC's view that contingent fees are based in some part on representations that continue until the contingency is fixed, unless she were to have agreed to a fixed sum from her former client irrespective of the outcome of the case, we did not see any way to distinguish her situation from those in which OLC has found Section 203 to prohibit acceptance of payments for work done prior to federal employment." *Id.* at 3.

In her own submission to our office, the Civil attorney has disputed the conclusion that 18 U.S.C. § 203 would prohibit her recovery of the contingent portion of the fees under the retainer agreement. *See* Civil attorney's Memo, *supra.* She contends that she has "rendered no 'services' to [her client] while serving as a federal employee." *Id.* at 5. She argues instead that she seeks recovery only for hours she worked more than a year before joining the Department of Justice, that those hours are documented, that she had no role in the appeal of her client's case to the Federal Circuit, and that "any fee petition submitted to the [Board] would merely iterate time sheet entries and seek fees based upon total hours worked times a fixed hourly rate of $200.00." *Id.* at 4–5. As a result, she contends that her situation differs from the typical contingency fee case, "wherein the attorney seeks to recover a percentage of the ultimate monetary award." *Id.* at 6. Here, she contends, she seeks only to "recover on a quantum meruit basis fees at a fixed hourly rate for identifiable hours worked in 1996." *Id.*

## III.

We do not address whether 18 U.S.C. § 203 would allow the Civil attorney to recover the attorney's fees at issue, because we conclude that, in any event, 18 U.S.C. § 205 bars recovery.

Section 205, among other things, prohibits any officer or employee of the executive branch from "receiv[ing] . . . any share of or interest in" a "claim" against the United States, "in consideration of assistance in the prosecution of such claim." 18 U.S.C. § 205(a)(1) (1994). The Civil attorney thus could not receive any part of attorney's fees that might now be awarded to her client if (1) those fees represent, or constitute a portion of, a "claim against the United States" and (2) the payment to the attorney would be "in consideration of assistance in the prosecution" of such claim. *Id.*

The petition for attorney's fees is a demand for the payment of money by the United States, and such a demand falls within the core meaning of the phrase, "claim against the United States." *See* H.R. Rep. No. 87–748, at 21 (1961); S. Rep. No. 87–2213, at 11 (1962) (citing *United States v. Bergson*, 119 F. Supp. 459 (D.D.C. 1954)); *United States v. 679.19 Acres of Land*, 113 F. Supp. 590, 593–94 (D.N.D. 1953); Bayless Manning, *Federal Conflict of Interest Law* 88 (1964); *see also Acceptance of Legal Fees by United States Attorney*, 6 Op. O.L.C. 602, 603 (1982) (arguing for broader meaning) ("1982 OLC Opinion"); *Prosecution of Claims by Retired Army Officers*, 40 Op. Att'y Gen. 533, 534 (1947) (same). The more difficult question under the statute is whether the payment of fees to the Civil attorney from such an award would be "in consideration of assistance in the prosecution of *such* claim." 18 U.S.C. § 205(a)(1) (emphasis added). A proper resolution of this question requires us to determine the meaning of the statutory phrase "claim against the United States."

There are two possible meanings of that phrase as it relates to the fee petition. The first possibility would be to classify the fee petition as a "claim against the United States" that is distinct from, and independent of, the broader challenge to the Department of Commerce's separation of the Civil attorney's client on which the petition for the attorney's fees award would ultimately rest. The second possibility would be to classify the fee petition as a portion of the relief that would be available to her client incident to his broader "claim against the United States" challenging the Department's separation determination.[1]

---

[1] We do not address in this opinion whether such a broader challenge would constitute a "claim against the United States" under § 205 in the absence of an accompanying demand for monetary relief We note that Professor Bayless Manning, in his treatise on the criminal conflict of interest laws, recognized that the phrase "claim against the United States" should be construed with due consideration of the fact that a claim that the United States government had improperly discharged one of its employees could give rise to a variety of monetary and non-monetary remedies from among which the plaintiff would be free to select He explained that "even the narrowest conception" of a claim against the United States, a conception that would require a claim to be accompanied by a demand for money, "may cause difficulties" in such cases because of the ties between rights and remedies for the violation of those rights. *Manning, supra* at 87. He noted, for example, that, under the predecessor statute to § 205, a govern-

Continued

Under the first classification of the fee petition, there would be a substantial argument that § 205 would not constitute a bar to the Civil attorney's receipt of all of the fees from the award, even though it would bar her receipt of a portion of such fees. The reference in § 205 to "such claim" would, on this view, refer only to the fee petition, rather than to the broader challenge to the unlawful separation. That is, the fee petition would constitute the relevant "claim." Under this understanding, while the attorney would be barred by § 205 from receiving any fees that constituted consideration for her assistance in the prosecution of the fee petition, she would not be barred by § 205 from receiving the share of the fee award that constituted consideration for her assistance in the prosecution of the challenge to the unlawful separation.[2]

Under the second classification of the fee petition, however, § 205 would appear to constitute a bar to her receipt of any of the fees. On this view, the fee petition would not constitute a distinct and independent "claim against the United States" in its own right that would be severable from the underlying challenge to the Department of Commerce's decision regarding her client's employment. It would merely constitute a portion of the relief that would be available incident to the employee's broader "claim against the United States" challenging the unlawful separation by the Department of Commerce. Under this view, § 205 would bar the attorney's receipt of the fee award because she clearly would be receiving the fee award "in consideration of" her assistance in the prosecution of the challenge to the allegedly unlawful separation.

In our view, the fee petition is more properly classified as a demand for money incident to the employee's broader challenge to the unlawful separation than as a distinct "claim against the United States." This classification appears to accord with the understanding of both the attorney and the client that the petition for the fee award was inextricably bound up with the underlying challenge to the separation decision. The Civil attorney's submission shows that, from the outset, her client's challenge to his separation from the Department of Commerce contemplated a request for monetary relief in the form of attorney's fees. The submission shows further that the attorney was not only aware that an award of attorney's fees was among the types of relief statutorily available to her client if his challenge to the separation succeeded, but also that she made sure that her retainer agreement provided that she would receive any attorney's fees award that her client might be entitled to recover as a consequence of his prevailing on the unlawful separation claim.

---

ment employee might be "forbidden . . to assist a former employee in a proceeding for reinstatement" because, although no money was sought in the proceeding for reinstatement, the proceeding could "lead to a claim for back pay " *Id.* Thus, Professor Manning stated that it was an open question whether even a claim that did not include a demand for money should be deemed a "claim against the United States" so long as it could lead to such a demand *Id.*

[2] As we have mentioned, we do not address in this opinion whether § 203 would impose an independent bar to the receipt of any such fees.

In addition, the statutory provisions that govern the award of attorney's fees in employment cases such as her client's treat the determination of liability and the award of attorney's fees as if they were indivisible components of a single claim. Under the provisions, the client could be entitled to attorney's fees only as a "prevailing party," 5 U.S.C. § 7701(g)(1) (1994), and thus these provisions make the fee award contingent upon a determination regarding the merits of the challenge to the unlawful discharge in this case. The statute further provides that the adjudication of the fee petition shall be made by the same decision makers that determine the liability issue, and that the award shall be made "in the interests of justice," *id.*, a standard that appears to contemplate the adjudicators' consideration of the representation that had been provided in the underlying challenge. Indeed, the Board styles the consideration of a motion for attorney's fees as an "Addendum proceeding" to the liability phase, 5 C.F.R. § 1201.203(b) (1998), and because such a proceeding may cover compensatory and consequential damages, too, *id.* § 1201.204(c)(2), it is hard to view the "Addendum" as anything other than the next phase of a single proceeding on a single claim.

A separate provision of the relevant attorney's fee statute, which applies to petitions for awards resulting from certain types of employment claims, lends additional support to the conclusion that the fee petition should not be understood to constitute a "claim against the United States" that is distinct from the challenge to the unlawful separation. *See* 5 U.S.C. § 7701(g)(2) (1994). The provision states that for certain employment claims, the fee petition should be governed by the provisions of 42 U.S.C. § 2000e–5k (1994). *See* 5 U.S.C. § 7701(g)(2). Those provisions, in turn, equate the attorney's fees that may be awarded for such employment claims with the "costs" of bringing the underlying claims. *See* 42 U.S.C. § 2000e–5k. The reference in 5 U.S.C. § 7701(g)(2) to 42 U.S.C. § 2000e–5k, which describes the fee award as covering the "costs" of the underlying employment claim, suggests that the drafters of the statute governing the attorney's fees award in this matter conceived of the petition for such an award as being incident to the underlying claim for relief from the wrongful discharge rather than as a distinct claim in its own right. That suggestion accords with a construction of § 205 that would deem the fee petition to be an aspect of the underlying challenge to the separation determination rather than an independent claim.

We note that the 1982 OLC Opinion suggested that a quantum meruit payment to a federal employee for work he had performed before entering the government might, under the circumstances, have been consistent with § 205. 6 Op. O.L.C. at 603–04. There, however, the lawfulness of the payment depended on establishing that the employee had "eliminated his interest in the claim" against the United States by turning his interest into a non-contingent right to recover from his succeeding counsel. *Id.* at 604. Here, by contrast, the Civil attorney's right to payment depended on a finding of liability, which was contingent when she entered the government, and still depends on an award against the government

by the Board. A payment to her thus would be a share of a claim against the United States.

BETH NOLAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*